IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,616 






EX PARTE PEDRO SANCHEZ AVILES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29,669-A IN THE 13TH DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel rendered ineffective assistance because she failed to
investigate the circumstances of Applicant's arrest and confession and because she failed to file a
motion to suppress. In a separate ground, Applicant contends that the State breached the plea
agreement. 

 On September 27, 2006, we remanded the application and instructed the trial court to hold
an evidentiary hearing. After holding a hearing, the trial court found that counsel failed to fully
investigate the circumstances of Applicant's arrest. In light of counsel's failure to investigate, the
trial court concluded that Applicant probably would not have been convicted based on the present
legally admissible evidence. With respect to the plea agreement, the trial court concluded that there
was no breach of the agreement. The trial court recommended granting relief.

 We agree. Based on the record, counsel's failure to investigate the circumstances of
Applicant's arrest and confession and to file a motion to suppress constituted deficient performance. 
Applicant, as a result, was prejudiced. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80
L. Ed. 2d 674 (1984). Accordingly, relief is granted. The judgment in Cause No. 26,669 in the 13th 
District Court of Navarro County is set aside, and Applicant is remanded to the custody of the Sheriff
of Navarro County to answer the charges against him.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division.

Delivered: February 14, 2007

Do Not Publish